UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KURT VON GABHART, ) | |
|             ) | |
|     Plaintiff, ) | |
|             ) | |
|     v.      ) | No. 2:16-cv-00167-JMS-DKL |
|             ) | |
| BRIAN SMITH Administrative Staff of ) | |
| Putnamville Correctional Facility, ) | |
|             ) | |
|     Defendant. ) | |

**Entry Dismissing Case and Directing Issuance of Final Judgment**

The plaintiff is a prisoner currently confined in Putnamville Correctional Facility ("Putnamville"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants.

The plaintiff brings this action pursuant 42 U.S.C. § 1983, alleging that correctional staff at Putnamville violated his Eighth Amendment rights by failing to adequately recognize that his blood sugar was low and adequately treat this medical condition. This, says the plaintiff, led to erroneous disciplinary charges and the loss of good-time credits. He requests that all good-time credits he has lost as a result of any disciplinary charges against him while he was experiencing low blood sugar be restored and monetary compensation.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for

relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* (citations omitted).  The Supreme Court has held that a habeas corpus petition, rather than a § 1983 action, is the sole avenue for federal relief "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from imprisonment[.]"  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, the plaintiff seeks the restoration of good-time credits and damages.  The restoration of good-time credits, however, would result in "a speedier release from imprisonment," and thus a petition for habeas corpus, rather than a § 1983 action, is the sole avenue through which he can obtain such relief.  *Id.*

Since the plaintiff cannot obtain the restoration of good-times credits through this § 1983 action, this leaves only his request for monetary damages.  But his pursuit of monetary damages is barred by the doctrine recognized in *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that "when 'a judgment in favor of the plaintiff [in his civil suit] would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Hill v. Murphy*, 785 F.3d 242, 248 (7th Cir. 2015) (quoting *Heck*, 512 U.S. at 484-85)).  The *Heck* bar applies in cases such as this where a judgment in the plaintiff's favor would necessarily imply the invalidity of the certain disciplinary sanctions.  *See Blackmon v. Hamblin*, 436 Fed. Appx. 632, 633 (7th Cir. 2011).

For these reasons, the plaintiff is unable to obtain any of the relief he seeks through this § 1983 action.  The Seventh Circuit has instructed district courts not to convert improperly filed § 1983 cases into habeas petitions.  *See Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997).

This case is therefore **dismissed without prejudice**. Final judgment in accordance with this entry shall now issue.

As noted above, the plaintiff is notified that he can seek the restoration of his good-time credits through an appropriately filed petition for habeas corpus pursuant to 28 U.S.C. § 2254. If he does so, the plaintiff must file a separate habeas petition for each individual disciplinary conviction he wishes to challenge.

**IT IS SO ORDERED.**

Date: May 17, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KURT VON GABHART
174258
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135